UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT B. TAPLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-00227-E |
| | § | |
| | § | |
| SIMPLIFILE, LC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Simplifile, LC's Partial Motion to Dismiss (Doc. No. 9). For the following reasons, the Court **GRANTS** the motion.

### BACKGROUND

The following allegations are taken from plaintiff Robert B. Tapley's Original Complaint (Doc. No. 1). Simplifile, which sells software to assist in streamlining real estate and mortgage transactions, employed Tapley as Regional Sales Director from May 12, 2009 through November 19, 2018. Tapley, the only African American ever hired by Simplifile, "experienced severe discrimination, harassment and a hostile environment at [Simplifile] based upon his race" throughout his employment.

When Tapley was terminated, he was told Simplifile was eliminating his position. At the time, he had been earning in excess of $250,000 per year. Tapley learned the reason for his

1

termination was "a pretext" because his sales territory was given to two younger Caucasian employees who "were not performing at the same level as [Tapley]." At the time, Tapley had been "consistently in the top 3 persons in new business sales for the past 6 years," "never had any disciplinary write-ups," and never had been "placed on a performance improvement plan."

Simplifile offered Tapley a nine-week severance package. He reluctantly accepted the package only to have Simplifile rescind it, claiming he had violated a "company policy of no moonlighting." According to Tapley, Simplifile's reason for rescinding the package also was "a pretext" because Tapley fully complied with Simplifile's Employee Handbook, which provided that employees could "hold outside jobs as long as they meet the performance standards of their job with Simplifile and do not participate in or with any business that presents a conflict of interest."

In this action, Tapley asserts claims under 42 U.S.C. 1981, complaining Simplifile "has engaged in a single, continuous course of conduct of discrimination against [him] because of his race, and in retaliation, in order to destroy [him], his career, and his professional life." He also alleges violations of Chapter 21 of the Texas Labor Code for "discrimination, retaliation, harassment and creation of a hostile environment" "because of [his] race, color, national origin and/or age." *See* TEX. LAB. CODE ANN. §§ 21.001 *et seq*. (formerly, and still often referred to as, the Texas Commission on Human Rights Act (TCHRA)).

Simplifile has filed a partial motion to dismiss (Doc. No. 9), seeking dismissal of (1) Tapley's Chapter 21 claims because he failed to exhaust his administrative remedies and (2) Tapley's retaliation and hostile work environment claims for failure to state a claim.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

ANALYSIS

1. *Exhaustion of Administrative Remedies*

Chapter 21 contains an exhaustion requirement. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169–70 (5th Cir. 2014). Modeled on Title VII and interpreted consistently with federal cases construing Title VII, Chapter 21 requires filing a complaint with the Texas Workforce Commission (TWC) within 180 days of the alleged discriminatory act and then allowing TWC 180 days to dismiss or resolve the complaint before filing suit in state or federal court. *Id.*; *see also* TEX. LAB. CODE ANN. § 21.202, 21.208. Although a plaintiff need not receive or even request a right-to-sue letter to satisfy the exhaustion requirement, suit may not be filed before the 180-day period has expired. *Gorman*, 753 F.3d at 170; *see also Acker v. Deboer*, No. 3:04-cv-01327-R, 2006 WL 1489265, at *3 (N. D. Tex. May 24, 2006). "Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted." *See Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) (Title VII exhaustion analysis) (citations omitted). It is not a jurisdictional prerequisite, but it "is a precondition to filing suit" under Chapter 21. See *Gorman*, 753 F.3d at 168–70; *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 309–10 (Tex. 2010); *see also Stroy*, 896 F.3d at 698 (affirming dismissal of Title VII claim when plaintiff waited only 178 days, "two days shy of the statutorily-mandated 180 days").

Tapley's complaint alleges he timely filed a charge of discrimination with the TWC and EEOC and received a "Notice of Right to Sue from the [TWC] with 60 days of the filing of this Complaint." However, the date stamp on the charge shows it was received on January 29, 2019,

4

which was the same day Tapley's complaint was filed in this Court.[1]  Because Tapley filed this suit without first allowing TWC 180 days to dismiss or resolve the complaint, Simplifile moves to dismiss Tapley's Chapter 21 claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6).  In his response, Tapley acknowledges the premature filing and erroneous representation in his complaint, but argues a "partial dismissal without prejudice and later refiling, would serve only to burden Court administration of this case."

Filing a motion to dismiss under Rule 12(b)(1) is procedurally proper to challenge a federal district court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  However, because the Chapter 21 exhaustion requirements are conditions precedent to suit as opposed to a jurisdictional prerequisite, the Court cannot dismiss Tapley's Chapter 21 claims for lack of subject matter jurisdiction.  *See, e.g., Thomas v. Napolitano*, No. 3:10-CV-0265-B, 2010 WL 11561730, at *2 (N.D. Tex. Nov. 8, 2010).  However, Simplifile alternatively moves for dismissal of the claims under Rule 12(b)(6).  And, Tapley admits he filed this suit prematurely, failing to exhaust his administrative remedies.  He neither gives a reason for, nor offers any waiver or estoppel argument to excuse, his failure to do so.  Because Tapley failed to exhaust his administrative remedies as required to prosecute his Chapter 21 claims, the Court **GRANTS** Simplifile's Rule 12(b)(6) motion to dismiss Tapley's Chapter 21 claims without prejudice.  *See Stroy*, 896 F.3d at 698.

---

[1] Simplifile attached the charge to its motion to dismiss (Doc. No. 11).  It was not attached to Tapley's complaint, but the Court may review documents attached to a dismissal motion if the documents "are central to the claim *and* referenced by the complaint."  *Collins*, 224 F.3d at 498–99.

*2. Retaliation*

The framework for analyzing a retaliation claim under Title VII[2] also applies to claims of retaliation under both Section 1981 and Chapter 21. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). The elements of a retaliation claim are: (1) the plaintiff engaged in a protected activity; (2) the plaintiff suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). In order to state a claim for retaliation, the plaintiff must allege the employer took an adverse employment action against the plaintiff in retaliation for engaging in protected conduct. *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014). "[A] plaintiff need not make out a prima facie case of retaliation in order to survive a Rule 12(b)(6) motion to dismiss," *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013), but must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A plaintiff has engaged in a "protected activity" if the plaintiff "has opposed any practice made an unlawful employment practice" under Title VII[3] or "because he has made a charge,

---

[2] 42 U.S.C. §§ 2000e *et seq*.

[3] It is an unlawful employment practice for an employer–

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3. The protected activity need not be the "sole factor motivating the employer's challenged decision in order to establish the 'causal link' element." *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002) (quoting *Long v. Eastfield College*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996)). However, a plaintiff must allege facts showing the employer was aware of the protected activity; otherwise, there can be no causal connection between the protected activity and any adverse employment action taken by the employer. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) (op. on reh'g).

Simplifile asserts Tapley alleges no facts in support of a retaliation claim. Tapley refers to retaliation only generally in connection with his claims. Under his Section 1981 count, he alleges Simplifile "has engaged in a single, continuous course of conduct of discrimination against [him] because of his race, and in retaliation, in order to destroy [him], his career, and his professional life." Under his Chapter 21 count, he alleges "discrimination, retaliation, harassment and creation of a hostile environment" "because of [his] race, color, national origin and/or age." However, Tapley, pleads no facts showing he engaged in any protected activity by opposing any unlawful employment practice or making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing. Nor has he alleged that either his termination or Simplifile's rescission of his severance package – the only potentially adverse employment actions alleged in his complaint – were causally related to a protected activity. Because Tapley has not adequately pleaded facts that allow the Court to draw a reasonable inference that Simplifile is liable for retaliation under Section 1981 or Chapter 21, the Court **GRANTS** Simplifile's motion to dismiss Tapley's retaliations claims without prejudice.

*3. Hostile Work Environment*

Like his retaliation claims, the Court analyzes Tapley's Section 1981 and Chapter 21 hostile work environment claims under the Title VII framework. *Hernandez*, 670 F.3d at 650. In order to establish a prima facie case of harassment constituting a hostile work environment, a plaintiff must show: (1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Watts*, 170 F.3d at 509. When the alleged harasser is a supervisor with immediate or higher authority over the plaintiff, the plaintiff need only meet the first four elements of the test. *Id*.

A court must consider the totality of the circumstances to determine whether a work environment is sufficiently hostile. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). To affect a term, condition or privilege of employment, the conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment." *Id*. (citations omitted). Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*.

Simplifile moves to dismiss Tapley's hostile work environment claims because he does not allege "who supposedly harassed him, how, or when, nor does he claim any such alleged conduct is based on any protected characteristic" or that "any harassing treatment . . . create[d] an

8

abusive work environment."  Tapley's complaint does not allege facts to identify any specific harassment and instead generally alleges he "experienced severe discrimination, harassment and a hostile environment . . . based on his race" for "the entire term of his employment."  In his response to Simplifile's summary judgment motion, Tapley directs the Court to his allegations that Simplifile "falsely" represented to him that his position was being eliminated.  This single misrepresentation, however, does not constitute severe or pervasive harassment that could lead a reasonable jury to conclude Tapley was subjected to sufficiently hostile conditions to create an abusive working environment.  Tapley's response also directs the Court to paragraph 3.07 of his complaint, asserting Simplifile gave him "accolades as to his sales performance . . . in order to induce [him] to accept a minimal and demeaning severance contract and payment, and then breaching it because [Simplifile's] owner and manager thought that as a minority employee [Tapley] would be unable to protect himself."  Paragraph 3.07, however, alleges no such thing, stating only that Tapley was offered a severance package, he accepted it, and Simplifile rescinded it claiming Tapley violated the no-moonlighting policy despite Tapley "fully compl[ying]" with the policy.

Because Tapley has failed to plausibly allege any facts to establish severe or pervasive harassment, the Court finds his complaint does not state a claim for hostile work environment under Section 1981 or Chapter 21.  The Court **GRANTS** Simplifile's motion to dismiss Tapley's hostile work environment claims without prejudice.

CONCLUSION

For the foregoing reasons, the Court finds Simplifile's partial motion to dismiss (Doc. No. 10) should be and is hereby **GRANTED**.  The Court **DISMISSES** Tapley's Section 1981

retaliation and hostile work environment claims and all of his Chapter 21 claims without prejudice. Tapley requests, in the event the Court deems his factual allegations insufficient, that he be allowed to replead. Therefore, if he can, in good faith, replead facts to support his claims, Tapley may do so on or before February 4, 2020. *See* FED. R. CIV. P. 15(a)(2). If he does not replead those claims, the disposition of those claims will be converted into dismissal with prejudice.

**SO ORDERED**.

Signed January 14, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE